# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUITY ONE (NORTHEAST PORTFOLIO), INC., : : : Plaintiff, : : v. : : THE GAP, INC., : : Defendant. : : | : : : CASE NO. _____ : : : : : : : : JULY 28, 2020 : |

## NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Gap, Inc. ("The Gap") hereby removes the above-captioned action from the Connecticut Superior Court for the Judicial District of Waterbury to the United States District Court for the District of Connecticut, and in support thereof states as follows:

1. On July 7, 2020, Plaintiff Equity One (Northeast Portfolio), Inc. ("Plaintiff") executed a summons for service of a Complaint against The Gap to be filed in the Connecticut Superior Court Waterbury Judicial District (the "Lawsuit"). On July 10, 2020, The Gap received the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint received by The Gap in the Lawsuit are attached hereto and incorporated herein as **Exhibit A**. These are the only process, pleadings and orders known by defendant to have been served in this action.

2. Removal is proper under 28 U.S.C. §§ 1441(a) and 1332 because Plaintiff and The Gap are citizens of different States and the amount in controversy of the Lawsuit is in excess of $75,000.00, exclusive of interest and costs.

3. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after defendant initially received notice of the lawsuit commenced in state court.

4. The state court action was commenced in the Superior Court of Connecticut, Judicial District of Waterbury. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Plaintiff purports to allege a claim for breach of contract against The Gap for non-payment of rent for the premises located at Southbury Green Shopping Center, 775 Main Street, in Southbury, Connecticut (the "Premises"). Plaintiff's breach of contract claim centers on a written Shopping Center Lease, dated May 12, 2000, between The Gap and Southbury 84 Associates Limited Partnership, the predecessor-in-interest to Plaintiff, as amended and/or modified (the "Lease"), attached hereto as **Exhibit B**.

6. This Court has jurisdiction over this Lawsuit pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between Plaintiff and The Gap, and the amount in controversy exceeds $75,000.00.

I. **DIVERSITY OF CITIZENSHIP**

7. Where an action involves a corporation, such as Plaintiff and The Gap, corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8.     Upon information and belief, Plaintiff is incorporated in Massachusetts and has a principal business address in North Miami Beach, Florida.  Accordingly, Plaintiff is a citizen of Massachusetts and Florida for diversity purposes.

9.     The Gap is a corporation organized under the laws of the State of Delaware with its principal place of business in California.  Accordingly, The Gap is a citizen of Delaware and California for diversity purposes.

10.    Accordingly, for removal purposes, Plaintiff is a citizen of Massachusetts and Florida, and The Gap is a citizen of Delaware and California.  The parties therefore are completely diverse and were so at the time the Lawsuit was commenced.

## II.    AMOUNT IN CONTROVERSY

11.    In its complaint, Plaintiff seeks $51,736.62 as the outstanding balance currently owed under the Lease.  Compl. ¶13.  Plaintiff also claims all future rental amounts owed under the Lease expressly seeking "all accelerated and future rentals" from The Gap.  Prayer for Relief at 1.

12.    In breach of lease claims, as here, the amount in controversy is determined taking into consideration the entire value of the lease claim.  *See Soberman v. Groff Studios Corp.*, No. 99 CIV. 1005 (DLC), 1999 WL 349989, at *6 (S.D.N.Y. June 1, 1999); *see also Beacon Const. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975) ("[T]he entire value of the contract determined the amount in controversy rather than instalments under the contract or possible damages.").

13.    The Lease allegedly expires on January 31, 2023, more than two years from now.  Compl. ¶7.  Future rental payments will therefore exceed $400,000 when the Lease expires by its alleged terms in 2023, a figure that is arrived at by extrapolating the monthly rent of $15,416.67 (Third Modification to the Lease Agreement, at 1) through the remaining Lease term.  Thus, adding

future rental payments to the existing balance allegedly owed, the amount in controversy greatly exceeds the $75,000.00 threshold set out in in 28 U.S.C. § 1332(a).

14. Additionally, Plaintiff seeks "[r]easonable attorney's fees as permitted under the lease." Compl. ¶12. "Attorney's fees that a plaintiff may collect under contract or under an applicable fee-shifting statute may be included in computing the jurisdictional minimum." *Ferrara v. Munro*, No. 3:16-CV-950 (CSH), 2017 WL 132834, at *8 (D. Conn. Jan. 13, 2017) (adding $20,000 in anticipated reasonable attorneys' fees to calculate amount in controversy); *see also* 15 Moore's Federal Practice, § 102.106[6][a], at p. 102-281 (Matthew Bender 3d ed. 2015) (observing that attorneys' fees are properly included in calculation of amount in controversy).

15. Thus, while Plaintiff's claimed damages are not calculable with precision at this juncture, it is readily apparent that should Plaintiff prove to be the prevailing party it will recover in excess of $75,000.00 taking into consideration (a) the existing balance owed, (b) alleged future rental payments owed, and (c) legal fees and costs of collection.

### III. TIMELINESS OF REMOVAL

16. The Gap received a copy of the Summons and Complaint in the Lawsuit on July 10, 2020.

17. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of The Gap's notice and receipt of Plaintiff's Complaint.

### IV. VENUE IS PROPER

18. The Lawsuit was commenced in Connecticut Superior Court for the Judicial District of Waterbury and, therefore, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446.

## V. NOTICE TO PLAINTIFF AND THE STATE COURT

19. Contemporaneously with the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be provided to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the State Court.

20. By removing this matter, The Gap does not waive or intend to waive any available defenses.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, The Gap respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of Waterbury, to the United States District Court for the District of Connecticut.

Respectfully submitted,

**DEFENDANT,**
**THE GAP, INC.**

By: */s/ Matthew Brown*
    Matthew C. Brown (ct28331)
    Joshua N. Taylor (ct29720)
    Wiggin and Dana LLP
    20 Church Street
    Hartford, CT 06103
    Tel. (860) 297-3700
    Fax (860) 525-9380
    mbrown@wiggin.com
    jtaylor@wiggin.com
    Its Attorneys